The opinion of the Court was.delivered by
Gibson J.
The 26th section of the Act of 1814, is decisive against the claim of the plaintiff. It directs, that if any officer shall take any other, or greater, fees, than is provided for ; or shall take fees where the services shall not have been already rendered ; or “ shall charge or demand any fee other than those expressly provided for by this Act,’5 such officer shall forfeit, &c. ; and by the twenty-second section, the fees of the Inspector of salt provisions are thus designated ; “ inspecting and branding salt provisions for the port-of Philadelphia, per barrel, twelve anda half cents.’’’’ Whatever therefore, may have been the true construction of former laws, as to an additional allowance, for repacking and cooperage, the officer is now restricted to the very fees specified in the fee-bill, which is too explicit to be misunderstood, and too peremptory to be disregarded, ' It is, however, contended that although the last clause of the twenty-sixth section, prohibits illegal fees to be taken, yet it defines illegal fees to be such as are not specified in the Act in question, “ or some other Actand hence it is inferred, that all fees theretofore expressly allowed, and not expressly prohibited by the Act in question, are still to be considered as demandable. But it is by no means clear, that that particular clause was not intended to have only a prospective operation, to narrow the prohibition, and to adapt it to the actual state of things, that would exist, in case the Legislature should afterwards increase any of the fees established by the Act in question, or *449 create new ones where none were allowed before ; although, I admit, that in that view it was unnecessary. But the true construction of the whole section is plainly this ; where the fees of a particular officer are touched at all, by the Act of 1814, which meant to, provide a complete fee-bill, it must be intended that the Legislature meant to designate with precision, the services, for which only; he should receive fees; and, therefore, that those fees are to be full compensation for . all other services, incident to his office ; but, on officers who are not noticed in the' fee-bill at all, the Act is to operate no further, than to do away all pretence of a right to an equitable compensation, proportioned to the value of services for which no fees are expressly allowed in the fee-bill; but fees expres'sly allowed by other Acts, are still to be considered as. demandable. But, the Legislature, in fact, profess by the fee-bill, to regulate the fees of the inspector of salt provisions, and,( as they have not spécifically provided for the services which are the subject of this action, judgment is rendered for the defendant. '
Judgment^for the defendant.